IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 04-0212-CB |
| CLAUDINA BENITEZ, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court to resolve the government's objection to the Presentence Investigation Report (PSI). The ultimate issue is the appropriate starting point for determining defendant's punishment for lying under oath about the circumstances of her sister's flight from the sister's drug conspiracy trial. The government contends that the reference point should be the offense level for the drug conspiracy offense, while the defendant contends that the reference point should be the offense level for the lesser offense of failure to appear. For the reasons stated below, the Court finds that failure to appear is the underlying offense from which defendant's punishment should be determined.

**Facts**

Defendant Claudina Benitez was the custodian of her sister, Maria Garcia-Flores, who was released pending trial on a charge of conspiracy to possess with intent to distribute cocaine. Trial began on June 14, 2004, before Judge William H. Steele. When Garcia-Flores failed to appear for the second day of trial, Benitez, who had been staying in a hotel room with her sister, was called to testify under oath in chambers regarding the circumstances of her sister's absence. Benitez testified that her sister had been in the room when she went to sleep the night before and that she woke up to find her

sister gone. Judge Steele ruled that Garcia-Flores had voluntarily absented herself from trial and, therefore, resumed the trial. Benitez was called to testify as both a defense witness and a government witness. When testifying for the government, Benitez gave an account regarding her sister's disappearance essentially identical to the account she had given in chambers. Based on this testimony, the government requested and received a jury instruction regarding flight as consciousness of guilt. Gacia-Flores was convicted in absentia.

Benitez's account of her sister's departure ultimately turned out to be false. When Garcia-Flores was located and arrested by the United States Marshal's Service, it was discovered that Benitez had accompanied her sister to meet a taxi cab when Garcia-Flores left Mobile for Houston on the evening of the first day of trial.

Based on the foregoing facts, the government indicted Benitez in a five-count indictment charging three counts of perjury (Counts One through Three), aiding and abetting failure to appear (Count Four) and accessory after the fact (Count Five). Benitez entered a blind plea to all five counts.

**PSI Calculations**

To calculate the appropriate offense level, the probation officer grouped all five counts into a single group and applied the offense level for the most serious count, that is, the highest offense level. *See* U.S.S.G. §§ 3D1.2(b) & 3D1.3(a). The probation officer concluded that Count Four (aiding and abetting) had the highest offense level, with an adjusted offense level of 15.[1]

---

[1] The guidelines calculation for aiding and abetting results in a base offense level of 6 plus an increase of 9 levels because the offense for which the defendant aided and abetted failure to appear is punishable by a maximum term of imprisonment of more than 15 years. *See* U.S.S.G. §§ 2J1.6(a)(2) & 2J1.6(b)(2)(A).

**Government's Objection**

The government objects to the offense level calculation and contends that the both the perjury charges and the accessory after the fact charge carry a higher offense level. According to the government, the probation officer failed to arrive at the correct offense level because with she applied a cross reference to the less serious underlying offense of failure to appear rather than the more serious drug conspiracy offense.

**Discussion**

    **Perjury**

The base offense level for perjury is found in U.S.S.G. § 2J1.3. That section provides for a base offense level of 14, but "if the offense involved perjury. . . in respect to a criminal offense," the Court must also calculate the base offense level for that offense under U.S.S.G. § 2X3.1 (Accessory after the Fact) and apply the resulting offense level if it is greater than 14. U.S.S.G. § 2J1.3(c)(1). The government argues that Benitez committed perjury "in respect to" the drug conspiracy trial, and, therefore, her offense level under § 2X3.1 would be 6 levels less than the offense level applicable to the drug conspiracy. The defense, on the other hand, takes the position that Benitez committed perjury "in respect to" her sister's failure to appeal, making the applicable offense level 6 levels less than the offense level for the crime of failure to appear.

The Guidelines do not define the term "in respect to a criminal offense," and it is that term which causes confusion in this case. Examining this phrase, the First Circuit concluded that "[t]he cross reference is based on the potential of the perjury to derail or miscarry a judicial or similar proceeding directed to another crime." *United States v. Bova*, 350 F.3d 224, 230 (1st Cir. 2003); *accord*

3

*United States v. Suleiman*, 208 F.3d 32, 38-39 (2d Cir. 2000).  Further, the *Bova* court opined that "[a] rough translation of this language is that where the cross reference applies, the perjurer is sentenced as if he were an accessory after the fact to the substantive criminal offense or offenses about which he has lied.  *Id.* at 229.

The government argues emphatically that Benitez's false testimony was material to the drug conspiracy trial, but its argument simply does not hold water.  According to the government, by denying prior knowledge of her sister's disappearance Benitez made herself appear more credible.  In turn, Benitez's testimony was more believable.  Therefore, the jury was more likely to believe testimony that Benitez gave on behalf of the defense.  As the defense points out, the problem with this argument is that there is no evidence that any other testimony Benitez gave is false.  The trial against Garcia-Flores was not likely to be derailed and justice was not likely to be miscarried by the likelihood that the jury would believe the truth.  In essence, the government is attempting to have Benitez sentenced as though she testified falsely about those matters when it can prove only that she testified falsely about the circumstances of her sister's flight.

**Accessory After the Fact**

As discussed above, the base offense level for an accessory after the fact is "6 levels lower than the offense level for the underlying offense."  U.S.S.G. § 2X3.1.  The commentary defines "underlying offense" as "the offense as to which the defendant is convicted of being an accessory."  In Count Five, Benitez was charged with being an accessory after the fact to her sister's failure to appear.  Thus, it would appear to be straightforward that failure to appear is the crime to which Benitez was an accessory and, thus, the underlying offense.  Nevertheless, the government argues that the drug

conspiracy offense for which Garcia-Flores failed to appear should serve as the underlying offense. The government relies on *United States v. Gonzalez*, 2 F.3d 369 (11th Cir. 1993), which interpreted the § 2X3.1 in the context of an accessory who harbored a fugitive.  The *Gonzalez* court concluded that the underlying offense was the drug conspiracy with which the fugitive was initially charged, rather than the failure to appear, because it was the first link in the chain of events that led to the harboring offense.

*Gonzalez* is distinguishable for several reasons.  First, harboring is a different offense from aiding and abetting a failure to appear.  By harboring a fugitive, the defendant in Gonzalez actively prevented the fugitive's arrest and prosecution on the underlying drug offense.  In contrast, Benitez's aiding and abetting her sister's failure to appear did not prevent the drug prosecution.  Second, the *Gonzalez* court based its decision, in part, on circumstances peculiar to the harboring statute, which applies both pre- and post-arrest, reasoning:

> The interpretation used by the district court. . . [using failure to appear as the underlying offense] is A counterintuitive distinction in punishment between the defendant who harbors a criminal prior to an initial arrest and one who harbors a bond jumper.  The bond jumper commits a second offense when he fails to appear for judicial proceedings and it is odd, indeed, to impose what is in this and will be in most cases a significantly lighter penalty on one who arbors the dual offender than one who hides a suspect from initial arrest.  Using the crime which prompted the fugitive's flight as the offense underlying the harboring in both cases eliminates this inexplicable distinction.

*Id.* at 372.  There is no similar "inexplicable distinction" in the context of a defendant charged as an accessory after the fact to a failure to appear.  By definition, the crime of failure to appear cannot occur until a person has been arrested and released.  *See* 18 U.S.C. § 3146 (defining failure to appear). Thus, there is no possibility of an accessory being subject to the same dual penalties as a harborer.

Finally, the application of the drug conspiracy offense in this situation would result in the imposition of a harsher sentence on one who aids and abets a drug defendant's failure to appear than would be imposed on one who actively harbored the same defendant. Section 2X3.1 caps the base offense level of an accessory after the fact whose "conduct is limited to harboring a fugitive..." at level 20. Consequently, if the drug conspiracy were used as the underlying offense in this case, Benitez's offense level for being an accessory after the fact to Garcia-Flores' failure to appear would be level 28.[2]  But if Benitez had actively harbored Garcia-Flores after her flight, her base offense level would be only 20.

**Conclusion**

In conclusion, the government's objections to the Presentence Investigation Report are **OVERRULED**.

**DONE** and **ORDERED** this the 23rd day of May, 2005.

<u>s/Charles R. Butler, Jr.</u>
**Senior United States District Judge**

---

[2] This offense level is calculated is based on a drug conspiracy involving 100 kilograms of cocaine with a base offense level of 34. Pursuant to 2X3.1, six levels is subtracted from the base offense level applicable to the drug conspiracy, *i.e.* 34-6=28.